UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STACEY FISHER,

                              Plaintiff,

         -against-

ROSICKI, ROSICKI AND ASSOCIATES, SHELLPOINT
MORTGAGE SERVICING, CITIMORTGAGE INC.,
CHRISTIANA TRUST, WILMINGTON SAVINGS FUND
SOCIETY FSB,

                            Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-127 (JMA)(GRB)

**FILED**
**CLERK**
5/2/2017 12:54 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

       On January 10, 2017, *pro se* plaintiff Stacey Fisher ("plaintiff") commenced this action against Rosicki, Rosicki and Associates, Shellpoint Mortgage Servicing, Citimortgage Inc., Christiana Trust, and Wilmington Savings Fund Society FSB (collectively, "defendants"), seeking to challenge a mortgage foreclosure action in state court pursuant to the New York Banking Law, the New York Real Property Acts Law and the Constitution's due process clause. Accompanying the complaint is an application to proceed *in forma pauperis*.

       Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status disqualifies her from proceeding *in forma pauperis*. See U.S.C. § 1915(a)(1). Accordingly, plaintiff is directed to pay the $400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

       To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs

[inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's affidavit fails to meet this standard. Plaintiff reports that she is employed at Northwell Health CEMS and earns $2,185 net bi-weekly. (Docket Entry No. 2 at ¶ 2.) In addition, plaintiff has checked the box to indicate that she receives income from "a business, profession, or other self-employment" although she has not provided the amount she has received and the amounts she expects to receive in the future. (See id. ¶ 3.) Against this income, plaintiff reports monthly expenses totaling approximately $1,600. (Id. ¶ 6.) Plaintiff also avers that she has approximately $7,000 in cash or in a checking or savings account. (Id. ¶ 5.) Given plaintiff's financial position as set forth in her declaration, **her motion to proceed in forma pauperis is DENIED, and she is directed to pay the $400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.**

Plaintiff is cautioned that, insofar as she seeks to challenge an order of foreclosure and sale in a related state court case bearing Index Number 10265/2010, the Rooker-Feldman doctrine may bar her claims. Plaintiff is further cautioned that, insofar as she seeks to pursue claims alleging a deprivation of her due process rights, such claims require that the challenged conduct be undertaken "under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) ("Federal claims . . . for damages brought under 42 U.S.C. § 1983, which provides a method for vindicating federal rights elsewhere conferred, including the Constitution, [requires that] [t]he conduct at issue must have been committed by a person acting under color of state law.") (internal quotation marks and citation omitted). Given that all of the defendants appear to be private parties who do not act under color of state law, plaintiff's claims pursuant to 42 U.S.C. § 1983 are

likely implausible.  And, to the extent that plaintiff seeks to pursue state law claims against the defendants in this Court, it is likely that this Court lacks subject matter jurisdiction given that complete diversity, as alleged by plaintiff, does not exist.  (See Compl. ¶ 1; see also 28 U.S.C. § 1332.)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this order to pro se plaintiff.

**SO ORDERED**.                                                             _____/s/ (JMA)_____
                                                                                           Joan M. Azrack
                                                                                           United States District Judge

Dated:   May 2, 2017
             Central Islip, New York